UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRIORITY FULFILLMENT SERVICES, INC.,

               Plaintiff,

- against -

GAIAM AMERICAS, INC., FIT FOR LIFE, LLC and FFL.COM LLC,

               Defendants.

**COMPLAINT**

Plaintiff Priority Fulfillment Services, Inc. ("PFS"), by its undersigned attorneys, as and for its Complaint against Defendants Gaiam Americas, Inc. ("Gaiam Americas"), Fit for Life, LLC ("Fit for Life") and FFL.com LLC ("FFL.com") alleges as follows:

**PARTIES**

1. Plaintiff PFS is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 505 Millennium Drive, Allen, Texas.

2. Upon information and belief, defendant Gaiam Americas is a corporation organized and existing pursuant to the laws of Colorado, with its principal place of business at 601 W. 26th Street, 9th Floor, New York, New York 10001.

3. Upon information and belief, defendant Fit for Life is a limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 31 West 34th Street, 11th Floor, New York, New York. Upon information and belief, Joseph Shamah is currently the only Member of Fit for Life and resides in the State of New Jersey.

4.  Upon information and belief, defendant FFL.com is a limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 10 West 33rd Street, Suite 802, New York, New York. Upon information and belief, Joseph Shamah is currently the only Member of FFL.com and resides in the State of New Jersey.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different States and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.  Venue is proper as the Defendants are located in this District.

## FACTS

**A.  The Transaction Management Services Agreement**

7.  On or about February 18, 2015, PFS and Gaiam Americas, as "Customer," entered into a Transaction Management Services Agreement (the "Agreement") under which PFS agreed to perform various services as specified in the Agreement and the Statement of Work attached thereto and incorporated therein, including but not limited to fulfillment, customer and marketing services.

8.  Appendix B of the Agreement's Statement of Work set forth the applicable fees the Customer (initially Gaiam Americas) was obligated to pay PFS, including but not limited to implementation service fees (to be amortized over the first thirty-six months of the Agreement's term), ongoing service fees and freight payments. The Statement of Work also set forth a minimum monthly service fee.

9. The Customer's payments under the Agreement were due within thirty days of invoicing by PFS.

10. Under Section 15.5 of the Agreement, neither PFS nor the Customer could assign its rights or duties thereunder without the prior written consent of the other, except in connection with or pursuant to any merger, sale of stock, or sale of all or substantially all of its assets.

11. Neither Section 15.5 nor any other provision in the Agreement provided for a release of Gaiam Americas' payment obligations to PFS in the event Gaiam Americas assigned the Agreement to a third party.

**B.     The Asset Sale and Gaiam Americas' and Fit for Life's Breach of the Agreement**

12. On or about May 10, 2016, Gaiam, Inc., the parent company of Gaiam Americas, entered into two agreements pursuant to which Gaiam, Inc. had agreed to sell Gaiam, Inc.'s assets and liabilities related to, or used in, Gaiam, Inc.'s fitness, yoga and wellness consumer products business to certain third parties (the "Asset Sale").

13. In connection with the Asset Sale, Fit for Life acquired, among other things, the inventory previously owned or held by Gaiam Americas that was the subject of the Agreement.

14. Gaiam Americas advised PFS on June 13, 2016 that the Agreement was being assigned to Fit for Life.

15. PFS did not release Gaiam Americas from any of its obligations under the Agreement, including its payment obligations in connection with the assignment.

16. As of May 1, 2016, there remained $29,186.60 due and owing under the Agreement for services PFS rendered to Gaiam Americas beginning October 2015. Those amounts remain due and owing.

17. After receiving a notice of the Asset Sale by Gaiam, Inc. concerning Gaiam Americas, PFS requested a copy of the documentation effectuating the transaction. Gaiam Americas, however, refused to provide it.

18. Following the Asset Sale, PFS continued to provide services under the Agreement to Fit for Life.

19. Over the next several months, however, Fit for Life failed to make complete payments of the amounts due PFS under the Agreement.

20. By letter dated January 6, 2017, PFS notified Fit for Life of the outstanding sums due under the Agreement (then totaling $176,698.32) and advised that absent receipt of payment within ten (10) days, PFS would have the right to exercise all of its rights and remedies under the Agreement arising from Fit for Life's nonpayment pursuant to Section 5.2 thereof, including suspending any further performance of services thereunder.

21. Fit for Life did not respond to PFS's January 6, 2017 letter. Instead, PFS received a response by Joseph Shamah, as Chief Executive Officer of defendant FFL.com advising that FFL.com – not Fit for Life – had purportedly assumed Gaiam Americas' rights under the Agreement. FFL.com was not the party named by Gaiam Americas in its notice of assignment.

22. Prior to PFS's demand for unpaid sums under the Agreement, neither Fit for Life nor FFL.com had ever advised PFS that FFL.com had assumed Gaiam Americas' rights under the Agreement. In fact, Gaiam Americas had specifically advised PFS that Fit for Life was the assignee. Moreover, Fit for Life (not FFL.com) was a party to a certain letter agreement with both a third-party bank and PFS that specifically concerned the PFS Agreement and Fit for Life's acquired inventory held in PFS's warehouse.

23. Upon information and belief, Fit for Life and FFL.com share the same Chief Executive Officer, Joseph Shamah.

24. Following PFS's demand to Fit for Life for payment of the outstanding balance, Fit for Life remitted one additional, partial payment to PFS for services performed in October 2016. Thereafter, PFS received no other payments from Fit for Life.

25. A sum of $847,040 remains outstanding under the Agreement for fees due and owing under the Agreement. Payment has not been made by Gaiam Americas, Fit for Life or FFL.com, despite PFS's subsequent written demands through counsel to all three Defendants.

26. Section 5.4 of the Agreement requires, in the event the Customer shall dispute any PFS invoice, that the Customer "(i) provide PFS, within thirty (30) days of its receipt thereof, with a written statement setting forth, in reasonable detail, the specific nature of the disputes and (ii) pay the undisputed portion of such invoice within the applicable invoice terms for payment," failing which "Customer shall be deemed to have irrevocably accepted such invoice, and Customer shall have no further right to dispute any amount set forth therein."

27. Neither Gaiam, Fit for Life nor FFL.com (even if it possessed such a right or had standing to assert it, which it did not) ever disputed an invoice of PFS in accordance with Section 5.4 of the Agreement.

28. Fit for Life is therefore liable for the unpaid amounts as the assignee who became the party to and received services under the Agreement, and Gaiam Americas is liable for all such amounts as the original party to the contract to whom no release was provided in connection with the assignment or otherwise.

29. In the alternative, while PFS denies that FFL.com was the proper assignee under the Agreement, to the extent FFL.com received services from PFS for which it has not fully

5

paid PFS, then FFL.com will have been unjustly enriched by such unpaid amounts and should, in any event, pay for the value of such services.

## COUNT ONE
### (Breach of Contract – Against Gaiam and Fit for Life)

30. PFS repeats and reasserts the allegations contained in the preceding paragraphs with the same force and effect as if set forth at length.

31. The Agreement was and is a binding contract under which Gaiam Americas and Fit for Life agreed to pay the fees specified thereunder in exchange for the services provided by PFS.

32. PFS has complied with the Agreement.

33. Gaiam Americas and Fit for Life have breached the Agreement by failing to pay the outstanding amounts thereunder, as a result of which PFS has been damaged.

## COUNT TWO
### (Unjust Enrichment – Against FFL.com and Fit for Life)

34. PFS repeats and reasserts the allegations contained in the preceding paragraphs with the same force and effect as if set forth at length.

35. Fit for Life and/or FFL.com have improperly alleged that Gaiam Americas validly assigned the Agreement to FFL.com. PFS denies that any ultimate assignment to FFL.com would have been permissible under Section 15.5 of the Agreement. If, however, FFL.com was receiving services from PFS (at PFS's expense) as FFL.com has indicated was the case, then FFL.com will have been unjustly enriched in the amount of the outstanding fees owed to PFS since FFL.com began receiving such services and benefits.

36. FFL.com is thus liable to PFS in the amount of all unpaid fees for any services received by FFL.com.

37. Alternatively, in the event the Court finds that FFL.com was the proper party to the Agreement at any point in time by virtue of a permissible assignment, then Fit for Life will have been unjustly enriched through its receipt of PFS's services without payment therefor and is thus liable to PFS in such amounts.

**COUNT THREE**
**(Quantum Meruit – Against FFL.com)**

38. PFS repeats and reasserts the allegations contained in the preceding paragraphs with the same force and effect as if set forth at length.

39. In the event FFL.com received services from PFS under the Agreement as FFL.com and/or Fit for Life has contended, then FFL.com is liable to PFS for the fair market value of the services received under the Agreement – which value should be measured by the fees set forth in the Scope of Work.

40. Alternatively, in the event the Court finds that FFL.com was at any point the proper party to the Agreement by virtue of a permissible assignment, then Fit for Life is liable to PFS for the value of any services received by PFS for which Fit for Life did not pay PFS, as measured by the fee schedule in the Agreement.

7

**WHEREFORE**, PFS demands judgment as follows:

a. Compensatory damages;

b. Interest, costs and disbursements, as well as attorneys' fees; and

c. for such other and further relief as the Court deems just and proper.


Dated: July 19, 2017                          **CHIESA SHAHINIAN & GIANTOMASI PC**
                                              Attorneys for Plaintiff
                                              Priority Fulfillment Services, Inc.
                                              11 Times Square, 31st Floor
                                              New York, NY 10036
                                              (212) 973-0572

                                              By:   *s/A. Ross Pearlson*
                                                    A. ROSS PEARLSON