UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRIORITY FULFILLMENT SERVICES, INC.,

                Plaintiff,

      - against -

GAIAM AMERICAS, INC., FIT FOR LIFE, LLC and FFL.COM LLC,

                Defendants.

-----------------------------------------------------------

GAIAM AMERICAS, INC., FIT FOR LIFE, LLC and FFL.COM, LLC,

                Third-Party Plaintiff,

      - against -

PFSWEB, INC.,

                Third-Party Defendant.

Civil Action No.: 17-cv-5504-PAE-GWG

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE, WITHOUT COSTS AND WITH RETENTION OF JURISDICTION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4|1|19

    **IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned attorneys for Plaintiff Priority Fulfillment Services, Inc. and Third-Party Defendant PFSweb, Inc. on the one hand, and Defendants Gaiam Americas, Inc., Fit for Life, LLC and FFL.com LLC on the other hand, that all claims by and against all parties to this action are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

**IT IS FURTHER STIPULATED AND AGREED** that this Court shall retain

jurisdiction over this matter for purposes of enforcing the parties' settlement agreement.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Priority Fulfillment Services,
Inc. and PFSweb, Inc.

SILLS CUMMIS & GROSS P.C.
Attorneys for Gaiam Americas, Inc.,
Fit for Life, LLC and FFL.com LLC


By: s/ David M. Dugan
    DAVID M. DUGAN

11 Times Square, 31st Floor
New York, New York 10036
(212) 973-0572

By: s/Joshua N. Howley
    JOSHUA N. HOWLEY

101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-6500

4/ 1 /19

IT IS SO ORDERED:

*Paul A. Engelmayer*

HON. PAUL A. ENGELMAYER, U.S.D.J.

2

## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

This Confidential Settlement Agreement and General Release (the "Agreement") is made and entered into as of the Effective Date (defined below) by and among Plaintiff Priority Fulfillment Services, Inc. ("PFS") and Third-Party Defendant PFSweb, Inc. ("PFSweb," and, together with PFS, the "PFS Parties") on the one hand, and Defendants ██████████████ ███████ Fit for Life, LLC ("Fit for Life") and FFL.com LLC ("FFL.com," and, together with ██████ and Fit for Life, the "FFL Parties"). The PFS Parties and FFL Parties shall collectively be known as the "Parties." All obligations of the PFS Parties and the FFL Parties hereunder are the joint and several obligations thereof, respectively.

WHEREAS, PFS and ██████ entered into a certain Transaction Management Services Agreement, dated February 18, 2015 (the "TMSA"), under which PFS agreed to perform various services as specified in the TMSA and the Statement of Work attached thereto and incorporated therein, including but not limited to fulfillment, customer and marketing services.

WHEREAS, ██████ advised PFS on June 13, 2016 that the TMSA was being assigned to Fit for Life, which later advised PFS that it had assigned the TMSA to FFL.com.

WHEREAS, in January 2017, FFL.com advised PFS that it was terminating the TMSA, alleging that PFS breached the TMSA.

WHEREAS, PFS contended that the FFL Parties owed PFS $847,040.00 in unpaid invoices and early termination fees, which amounts the FFL Parties disputed.

WHEREAS, on July 19, 2017, PFS filed a Complaint against the FFL Parties in the United States District Court for the Southern District of New York in the action captioned <u>Priority Fulfillment Services, Inc. v. ██████████████████</u>, and bearing Civil Action No. 17-cv-5504 (hereinafter the "Action"), in which action PFS asserted claims against the FFL Parties for breach of contract, unjust enrichment and quantum meruit.

WHEREAS, on September 20, 2017, the FFL Parties filed an Answer, Counterclaim and Third-Party Complaint in the Action, in which they denied liability to PFS and asserted claims against the PFS Parties for negligent misrepresentation, violation of the Colorado Consumer Protection Act ("CCPA"), breach of contract and breach of the implied covenant of good faith and fair dealing,

WHEREAS, by Order dated June 11, 2018, the Court in the Action (1) dismissed with prejudice the FFL Parties' claims in their Counterclaim and Third-Party Complaint for breach of contract and breach of the implied covenant of good faith and fair dealing, and (2) dismissed without prejudice the FFL Parties' claims for negligent misrepresentation and violation of the CCPA with leave to replead.

WHEREAS, on July 9, 2018, the FFL Parties filed an Amended Counterclaim and Third-Party Complaint asserting claims against the PFS Parties for negligent misrepresentation and violation of the CCPA.

WHEREAS, by Order dated November 14, 2018, the Court in the Action dismissed certain of the remaining claims of the FFL Parties against the PFS Parties set forth in the Amended Counterclaim and Third-Party Complaint, leaving a remaining third-party claim by ▇▇▇▇▇ against PFSweb for negligent misrepresentation.

WHEREAS, on December 6, 2018, PFSweb filed an Answer to ▇▇▇▇▇ negligent misrepresentation claim, denying liability.

WHEREAS, certain inventory of the FFL Parties that was the subject of the fulfillment and related services provided by PFS to the FFL Parties currently remains at PFS's warehouse (the "Inventory").

WHEREAS, on February 5, 2019, the Parties attended a settlement conference before the Honorable Gabriel W. Gorenstein, Chief United States Magistrate Judge, during which the parties reached a settlement on the terms set forth herein.

WHEREAS, the Parties have determined that it is in their collective interests to settle all claims among them solely to avoid the expense, burden, inconvenience, distractions and inherent uncertainties associated with further litigation, as well as the additional legal fees and expenses that inevitably would result from having to continue to pursue and/or defend the Action.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements herein set forth, and for other good and valuable consideration, the mutual receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties hereby agree as follows:

1.    Payment of Settlement:  The FFL Parties have agreed to pay ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ (the "Settlement Amount") to settle this matter, in consideration of this Agreement and the So-Ordered Stipulation of Discontinuance of the Action with Prejudice (annexed hereto as **Exhibit A**), in complete and final settlement of the claims at issue in connection with the Action, and any and all other allegations or claims which may or could have been asserted or may be brought in a court of competent jurisdiction between the FFL Parties and the PFS Parties.

2.    Discontinuance with Prejudice:  By execution of this Agreement, and for good and valuable consideration, the Parties agree to discontinue with prejudice all pending claims and forego any potential claims against each other arising out of, and/or relating to, the Action, and any and all other allegations or claims which may have been asserted or may be brought in a court of competent jurisdiction, except with respect to the obligations set forth herein.  The Parties shall file a So-Ordered Stipulation of Discontinuance in the form attached hereto as **Exhibit A** providing that this Court shall retain jurisdiction to enforce this Settlement Agreement.

3

3.    Issuance of Payment: The Settlement Amount shall be paid in six, monthly installments, payable by bank or certified check, or wire, to Priority Fulfillment Services, Inc., and sent, if by check, to David M. Dugan, Esq., Chiesa Shahinian & Giantomasi PC, One Boland Drive, West Orange, New Jersey 07052. The payments shall be due (i.e., received) as follows:



4.    Default/Missed Payment(s) by the FFL Parties: In consideration of the above payment schedule and other covenants herein, the Parties agree that, in the event the FFL Parties fail to timely pay, in full, any of the above payments, they shall be liable to PFS for an amount equal to two times the difference between (x) ███████ and (y) the sum of all payments timely made (or made during the notice and cure period set forth below) up to the date of the default. By way of example, if the FFL Parties make the first and second payments provided for above and fail to timely remit the third payment, they shall be liable to PFS for ██████████████████████ ████████████████ and which difference multiplied by two equals

4

██████████ By way of further example, if the FFL Parties fail to make the first payment on time or within the notice and cure period, they will be liable to PFS for ██████████ (exclusive of the reasonable attorneys' fees and costs associated with enforcement and collection of said judgment as set forth in paragraph 5 below).

5.     Enforcement of the FFL Parties' Payment Obligations: PFS may enforce the FFL Parties' payment obligations by filing the applicable confessions of judgment attached hereto as **Exhibit B**, or, at PFS's option, filing motion to enforce this Agreement (including in the event for any reason the Court does not accept the confessions of judgment).  In the event this Court declines to retain jurisdiction to enforce this Agreement for reasons other than the confidentiality the Parties shall seek as described below, PFS shall have the option to commence an action in a court of competent jurisdiction for purposes of enforcing this Agreement and/or collecting on a judgment. PFS shall be entitled to recover its reasonable attorneys' fees and costs incurred with respect to any such actions it must take in connection with enforcing the FFL Parties' payment obligations and in connection with enforcing or collecting on any judgment.

6.     Confession of Judgment:   The Parties acknowledge the following with specific respect to the confessions of judgment referred to in paragraph 5 herein and attached hereto as **Exhibit B**:

a.     Subject to the notice and cure provisions below, in the event the FFL Parties fail to remit a payment required under the terms of this Agreement, PFS may immediately, on notice to the FFL Parties' counsel of record, make application to the Court directly by submission of the applicable Confession(s) of Judgment attached as **Exhibit B** for the amount due. PFS's failure or delay in exercising the rights and/or remedies available to PFS under this paragraph and/or as otherwise are available to PFS under this Agreement and/or at law, shall not act as a waiver of such rights and remedies.

      b.     The confessions of judgment shall be held in abeyance by PFS and may be filed only in the event of payment default and in accordance with the relevant provisions above.

      7.    <u>Notice and Cure Period</u>:  Notwithstanding paragraphs 5 or 6 herein, in the event the FFL Parties fail to timely remit any monthly payment, PFS shall notify the FFL Parties of same (in accordance with the notice provision below) and shall provide the FFL Parties with seven (7) calendar days to cure the breach by remitting the required monthly payment.  If the FFL Parties fail to cure such breach within the seven-day period, PFS may, with notice of the PFS Parties' counsel of record, resort to the enforcement procedures set forth in paragraphs 5 and 6 above and may proceed to collect the amounts due under paragraph 4.  The fact that one or more payments due hereunder are remitted during the cure period shall not in any way impact the schedule for the remaining payments due as set forth in paragraph 4.  The default notice provided for hereunder need not be in any particular form other than to identify the fact that a payment under this Agreement has not been timely remitted.  The Parties are assumed to understand the consequences of such, having read this Agreement.

      8.    <u>Inventory</u>:  The FFL Parties represent that they are not subject to any agreement which would prohibit or restrict the transfer or disposition of the Inventory.  After remitting the first monthly payment set forth in paragraph 4 herein, the FFL Parties shall, within 30 days thereafter, reclaim the Inventory at their sole cost and expense using a third-party carrier.  The Inventory shall be made available by PFS in its as-is, where-is, condition and without recourse, with no representations made by PFS as to the quantity, quality or condition of such Inventory, the packaging or storage thereof or any other matter relating thereto.  The Parties shall cooperate in scheduling a date and time for pick-up that shall take place within 30 days of PFS's receipt of the first payment required under paragraph 4 herein, which shall be effected in accordance with PFS's ordinary warehouse policies and procedures.  In the event the FFL Parties fail to reclaim the Inventory within such 30-day period, the

Inventory shall be deemed abandoned and PFS shall have the right to retain or dispose of the same in any manner it sees fit. This shall be the parties' sole remedy with respect to the Inventory.

9.    <u>Mutual Releases</u>:  For and in consideration of payment of the Settlement Amount and the other covenants made herein, the PFS Parties on the one hand, and the FFL Parties on the other hand, hereby release and discharge each other and their past, present and future agents, representatives, shareholders, principals, attorneys, affiliates, parent entities, subsidiaries, officers, directors, managers, members, partners, employees, predecessors, successors, heirs, executors and assigns from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, agreements, actions, causes of action, sums of money, reckonings, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, extents, executions, judgments, findings, controversies and disputes, and any past, present or future duties, responsibilities or obligations, from the beginning of time to the Effective Date, known or unknown, including, but not limited to, claims arising out of or related to the negotiation and performance of the TMSA in the Action.

10.    <u>The Court's Retention of Jurisdiction</u>:  The Parties agree that they shall request that the United States District Court for the Southern District of New York retain jurisdiction to enforce this Agreement.  If the Court requires a specific temporal limitation on its retention of jurisdiction, the Parties hereby agree to request that the Court retain jurisdiction for one year from the filing of the So-Ordered Stipulation of Dismissal.

11.    <u>Entire Agreement</u>:  This Agreement contains the sole and the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings as to the subject matter hereof.  The Parties represent and acknowledge, in executing this Agreement, that they have not relied upon any representation or statement not set forth herein, which may have been made by each other with regard to the subject matter of this Agreement.  No

other promises or agreements shall be binding unless in writing, signed by all the Parties hereto and expressly stated to be a modification of this Agreement.

12.    <u>No Admission of Liability</u>:  This Agreement shall not be construed as and is not an admission of any fault, liability, or violation of any federal, state, or local law, ordinance, rule, or regulation, or any duty whatsoever, whether based in statute, common law, or otherwise, by any of the Parties hereto, or any entity or individual referenced in this Agreement, or of any of the acts or omissions alleged by the Parties against each other in the Action, or of any acts or omissions which could have been alleged.  The Parties specifically deny any liability, wrongdoing or violation whatsoever, and specifically deny any wrongful conduct with regards to each other or those similarly situated to the Parties, for any damages, injuries or other claims by the Parties, or which the Parties could claim.

13.    <u>Confidentiality</u>:

(a)    It is understood and agreed that the parties to this Agreement shall not disclose, comment on, or publish in any manner, to any person, association or entity, this Agreement or the terms and conditions of this settlement, except as explicitly authorized and agreed to herein.  Nothing herein shall prohibit the parties from disclosing this Agreement, or the terms and conditions of this settlement, should such disclosure be required (i) for the preparation of their respective tax returns, (ii) to enforce the terms and conditions of this Agreement and of the settlement reached between the parties, (iii) to respond to inquiries from taxing or other government authorities, hearings, investigations, or other official proceedings, including those conducted by state and federal regulatory authorities, (iv) to comply with any Court Order or as requested by a Court proceeding (as provided below), or (v) to obtain the advice of their respective legal counsel.

(b)    This Agreement shall not be filed with any court of competent jurisdiction and may be used as evidence only in a subsequent proceeding in which the Parties allege breach of

this Agreement. If, however, any court of competent jurisdiction directs the Parties to file this Agreement with the court, the party filing this Agreement shall seek to do so under seal.

(c)    Notwithstanding paragraph 13(b) above, if the Court requires disclosure of this Agreement as a condition to its retaining jurisdiction to enforce its terms, the Parties shall endeavor to redact whatever terms the Court may permit them to redact while still retaining jurisdiction. If the Court requires the disclosure of this Agreement in its entirety as a condition to retaining jurisdiction, the Parties shall disclose the entirety of this Agreement notwithstanding the confidentiality obligations herein.

(d)    In the event that an attempt is made to compel disclosure of the existence and terms of this Agreement or for disclosure of information concerning the Action, the Parties each agree to use reasonable efforts to provide the non-disclosing party with written notice of any such attempts by sending such written notice to the non-disclosing party's attorney of record in the Action at least seven days before compliance with any subpoena, discovery request, or Order, but if the subpoena, discovery request, or Order requires compliance within less than seven days, the disclosing party shall provide such written notice, or, if impractical, shall provide telephonic notice within one business day after receiving notice that any attempt will be or has been made to compel disclosure of the matters designated above as confidential.

(e)    Except as provided above, if asked about this Action of the resolution thereof, the disclosing party shall state only that the matter has been resolved on mutually agreeable terms.

14.    Binding Impact: The Parties are bound by this Agreement. Those who succeed to the Parties' rights and responsibilities are similarly bound. This Agreement is made for the benefit of the Parties and all persons or entities or representatives who succeed to their rights and responsibilities.

15.    Governing Law/Venue:  This Agreement and the rights and obligations contained herein shall be governed by, interpreted under and construed in accordance with the laws of the State of New York, without regard to its choice of law or conflicts of law and principles.  Any disputes hereunder shall be brought before the United States District Court for the Southern District of New York.  If, and only if, for any reason the Southern District declines to entertain jurisdiction, disputes hereunder may be brought in any state court of the State of New York in New York County.

16.    Modifications in Writing:  This Agreement may not be changed or modified except by a writing signed by the Parties.

17.    Authority & Assignability:  The Parties represent that they are fully empowered and authorized to enter into this Agreement, to compromise the allegations and claims raised on behalf of the respective Parties, and to issue the release provided for herein.  The Parties further represent that no person, firm, corporation, partnership, or other entity of any kind or nature has any interest in the claims, demands, obligations, or causes of action referred to in this Agreement and being resolved herein; and that they have not assigned, transferred or permitted anyone to acquire such an interest, nor is anyone capable of asserting any claims arising out of or related to the facts relayed in the pleadings in the above-captioned matter, except to the extent indicated herein.

18.    Representations:  The Parties hereto represent, warrant and covenant that they have read this Agreement; that they have consulted with their respective attorneys concerning its content and consequences; and that the Agreement is being executed voluntarily and not under duress.

19.    Severability:  Should any clause of this Agreement be found to be in violation of law, or ineffective or barred for any reason whatsoever, the remainder of the Agreement and shall be in full force and effect.

10

20.     Counterparts & Signatures:  This Agreement may be executed in counterparts, and a facsimile or email/electronic copy of this Agreement shall have the full force of the original.

21.     Effective Date:  This Agreement is effective on the latest date on which any party to this Agreement executes the Agreement (the "Effective Date").

22.     Notice:  All notices and all applications to any court required by or given under this Settlement Agreement shall be given by email and regular mail, and addressed as follows:

11

If to Priority Fulfillment Services,        Mr. Ralph Blakley
Inc. and/or PFSweb, Inc.:                   Priority Fulfillment Services, Inc.
                                            505 Millennium Drive
                                            Allen, Texas 75013
                                            rblakley@pfsweb.com

With a copy to:                             David M. Dugan, Esq.
                                            Chiesa Shahinian & Giantomasi PC
                                            One Boland Drive
                                            West Orange, New Jersey 07052
                                            ddugan@csglaw.com



With a                                      Joshua N. Howley, Esq.
copy to:                                    Sills Cummis & Gross P.C.
                                            One Riverfront Plaza
                                            Newark, New Jersey 07102
                                            jhowley@sillscummis.com

If to Fit for Life, LLC and/or             Mr. Joseph Shamah
FFL.com                                     10 West 33rd Street, Suite 802
                                            New York, New York 10001
                                            jshamah@ffl-group.com

With a                                      Joshua N. Howley, Esq.
copy to:                                    Sills Cummis & Gross P.C.
                                            One Riverfront Plaza
                                            Newark, New Jersey 07102
                                            jhowley@sillscummis.com

12

**IN WITNESS WHEREOF**, the undersigned parties, being duly authorized, have executed this Confidential Settlement Agreement and General Release effective as of the Effective Date.

PRIORITY FULFILLMENT SERVICES, INC.

By: _____          Date:  February 27, 2019
    Name: Melanie Klint
    Title: Vice-President and General Counsel

PFSWEB, INC.

By: _____          Date:  February 27, 2019
    Name: Thomas J. Madden
    Title: Chief Financial Officer and Chief Administrative Officer

FIT FOR LIFE, LLC

By: _____          Date:  February __, 2019
    Name:
    Title:

FFL.COM, LLC

By: _____          Date:  February __, 2019
    Name:
    Title:

13

**IN WITNESS WHEREOF,** the undersigned parties, being duly authorized, have executed this Confidential Settlement Agreement and General Release effective as of the Effective Date.

PRIORITY FULFILLMENT SERVICES, INC.

By: _____          Date: February __, 2019
    Name:
    Title:

PFSWEB, INC.

By: _____          Date: February __, 2019
    Name:
    Title:

FIT FOR LIFE, LLC

By: _____          Date: February __, 2019
    Name:
    Title:

FFL.COM, LLC

By: _____          Date: February __, 2019
    Name:
    Title:

13

**IN WITNESS WHEREOF**, the undersigned parties, being duly authorized, have executed this Confidential Settlement Agreement and General Release effective as of the Effective Date.

PRIORITY FULFILLMENT SERVICES, INC.

By: _____    Date:  February __, 2019
     Name:
     Title:

PFSWEB, INC.

By: _____    Date:  February __, 2019
     Name:
     Title:

████████████████████████████████████

FIT FOR LIFE, LLC

By: _____    Date:  ~~February~~ MARCH 5, ~~2019~~ 2019
     Name: Joseph Stano
     Title: CEO

FFL.COM, LLC

By: _____    Date:  ~~February~~ MARCH 5, 2019
     Name: Joseph Stano
     Title: CEO

13

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIORITY    FULFILLMENT    SERVICES, INC., | Civil Action No.: 17-cv-5504-PAE-GWG |
| Plaintiff, | |
| - against - | |
| GAIAM AMERICAS, INC., FIT FOR LIFE, LLC and FFL.COM LLC, | **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE, WITHOUT COSTS AND WITH RETENTION OF JURISDICTION** |
| Defendants. | |
| GAIAM AMERICAS, INC., FIT FOR LIFE, LLC and FFL.COM, LLC, | |
| Third-Party Plaintiff, | |
| - against - | |
| PFSWEB, INC., | |
| Third-Party Defendant. | |

**IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned attorneys for Plaintiff Priority Fulfillment Services, Inc. and Third-Party Defendant PFSweb, Inc. on the one hand, and Defendants Gaiam Americas, Inc., Fit for Life, LLC and FFL.com LLC on the other hand, that all claims by and against all parties to this action are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

**IT IS FURTHER STIPULATED AND AGREED** that this Court shall retain jurisdiction over this matter for purposes of enforcing the parties' settlement agreement.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Priority Fulfillment Services, Inc. and PFSweb, Inc.

SILLS CUMMIS & GROSS P.C.
Attorneys for Gaiam Americas, Inc., Fit for Life, LLC and FFL.com LLC

By: s/ David M. Dugan
    DAVID M. DUGAN

11 Times Square, 31st Floor
New York, New York 10036
(212) 973-0572

By: s/Joshua N. Howley
    JOSHUA N. HOWLEY

101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-6500

IT IS SO ORDERED:


HON. PAUL A. ENGELMAYER, U.S.D.J.

2

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
PRIORITY FULFILLMENT SERVICES, INC.,

                              Plaintiff,

      - against -

      ████████████ FIT FOR LIFE, LLC
FFL.COM LLC,

                              Defendants.
-------------------------------------------------------------------X

**AFFIDAVIT FOR**
**JUDGMENT BY CONFESSION**

Index No.:

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NEW YORK  )

    Joseph A. Shamah, being duly sworn, deposes and says:

    1.    I am the Managing Member of the defendant, Fit for Life, LLC ("Fit for Life"), and make this Affidavit on behalf of Fit for Life.

    2.    Fit for Life is a Delaware limited liability company with its principal place of business at 10 West 33rd Street, Suite 802, New York, New York 10001.

    3.    Fit for Life hereby confesses judgment in favor of plaintiff Priority Fulfillment Services, Inc. ("PFS"), pursuant to CPLR 3218, in the amount of ████████ less any payments made by Fit for Life, FFL.com LLC and/or ████████████ adjusted in accordance with paragraphs 7 and 8 below.

    4.    Fit for Life's confession of judgment is based upon Fit for Life's obligation to make certain payments to PFS pursuant to the terms of a written settlement agreement between Fit for Life and PFS (the "Settlement Agreement").

    5.    More specifically, the parties' Settlement Agreement arises out of a certain Transaction Management Services Agreement, dated February 18, 2015 (the "TMSA"), under

which PFS agreed to perform various services as specified in the TMSA and the Statement of Work attached thereto and incorporated therein, including but not limited to fulfillment, customer and marketing services.

6.    A dispute arose as to Fit for Life's payment-related obligations under the TMSA and PFS's performance thereof, resulting in litigation and the eventual settlement of the litigation and the parties' dispute.

7.    Fit for Life and PFS have entered or are about to enter into a written Settlement Agreement that obligates Fit for Life to make settlement payments to PFS pursuant to a fixed payment schedule. Specifically, Fit for Life must make the following payments to PFS:



8.    In the event Fit for Life (or any of its co-defendants, FFL.com LLC or ▓▓▓▓ ▓▓▓▓▓▓▓▓) fails to timely pay, in full, any of the above payments, Fit for Life shall be

2

liable to PFS for an amount equal to two times the difference between (x) ███████ and (y) the sum of all payments timely made (or made during a seven-day notice and cure period set forth in the Settlement Agreement) up to the date of the default.

9.      Fit for Life is confessing judgment to PFS in order to protect PFS in the event that Fit for Life fails to make the settlement payments according to its Settlement Agreement with PFS, as set forth in the above-referenced payment scheduled.  In such event, Fit for Life has authorized PFS to file this Affidavit with the County Clerk, which amount PFS has agreed to reduce, and which Fit for Life hereby authorizes PFS's counsel to reduce, based on any payments made in accordance with the above-referenced payment schedule and proceed to collect the adjusted amount of the confessed judgment.

10.      Based upon and subject to the foregoing, I hereby authorize PFS and its successors, administrators, and assigns, through its counsel, to enter judgment, and I hereby consent to the entry of, a judgment against Fit for Life in the amount of ███████ less any payments made by Fit for Life, LLC, FFL.com LLC and/or ███████ adjusted in accordance with paragraphs 7 and 8 above, plus post-judgment interest at the statutory rate.

Joseph A. Shamah
Managing Member
Fit for Life, LLC

Sworn to before me this
___ day of March, 2019

Notary Public

ABBIE E. LEVINE
Notary Public - State of New York
No. 01LE6294868
Qualified in New York County
My Commission Expires December 23, 2017

2/23/21

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
PRIORITY FULFILLMENT SERVICES, INC.,

                                   Plaintiff,

            - against -

██████████████ FIT FOR LIFE, LLC
FFL.COM LLC,

                                   Defendants.
------------------------------------------------------------X

**AFFIDAVIT FOR**
**JUDGMENT BY CONFESSION**

Index No.:

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

Joseph A. Shamah, being duly sworn, deposes and says:

1.      I am the Managing Member of the defendant, FFL.com LLC ("FFL.com"), and make this Affidavit on behalf of FFL.com.

2.      FFL.com is a Delaware limited liability company with its principal place of business at 10 West 33rd Street, Suite 802, New York, New York 10001.

3.      FFL.com hereby confesses judgment in favor of plaintiff Priority Fulfillment Services, Inc. ("PFS"), pursuant to CPLR 3218, in the amount of ██████████ less any payments made by FFL.com LLC, Fit for Life and/or ███████████████ adjusted in accordance with paragraphs 7 and 8 below.

4.      FFL.com's confession of judgment is based upon FFL.com obligation to make certain payments to PFS pursuant to the terms of a written settlement agreement between FFL.com and PFS (the "Settlement Agreement").

5.      More specifically, the parties' Settlement Agreement arises out of a certain Transaction Management Services Agreement, dated February 18, 2015 (the "TMSA"), under

which PFS agreed to perform various services as specified in the TMSA and the Statement of Work attached thereto and incorporated therein, including but not limited to fulfillment, customer and marketing services.

6.     A dispute arose as to FFL.com's payment-related obligations under the TMSA and PFS's performance thereof, resulting in litigation and the eventual settlement of the litigation and the parties' dispute.

7.     FFL.com and PFS have entered or are about to enter into a written Settlement Agreement that obligates FFL.com to make settlement payments to PFS pursuant to a fixed payment schedule. Specifically, FFL.com must make the following payments to PFS:



8.     In the event FFL.com (or any of its co-defendants, Fit for Life, LLC or ▮▮▮▮▮ ▮▮▮▮▮▮▮) fails to timely pay, in full, any of the above payments, FFL.com shall be liable

2

to PFS for an amount equal to two times the difference between (x) ████████ and (y) the sum of all payments timely made (or made during a seven-day notice and cure period set forth in the Settlement Agreement) up to the date of the default.

9.    FFL.com is confessing judgment to PFS in order to protect PFS in the event that FFL.com fails to make the settlement payments according to its Settlement Agreement with PFS, as set forth in the above-referenced payment scheduled. In such event, FFL.com has authorized PFS to file this Affidavit with the County Clerk, which amount PFS has agreed to reduce, and which FFL.com hereby authorizes PFS's counsel to reduce, based on any payments made in accordance with the above-referenced payment schedule and proceed to collect the adjusted amount of the confessed judgment.

10.    Based upon and subject to the foregoing, I hereby authorize PFS and its successors, administrators, and assigns, through its counsel, to enter judgment, and I hereby consent to the entry of, a judgment against FFL.com in the amount of ████████ less any payments made by FFL.com LLC, Fit for Life, LLC and/or ████████████ adjusted in accordance with paragraphs 7 and 8 above, plus post-judgment interest at the statutory rate.

Joseph A. Shamah
Managing Member
FFL.com LLC

Sworn to before me this
___ day of _Ma___ , 2019

_____
Notary Public

ABBIE E. LEVINE
Notary Public - State of New York
No. 01LE6294686
Qulified in New York County
My Commission Expires December 23, 2017

12/23/21                     3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
PRIORITY FULFILLMENT SERVICES, INC.,

                 Plaintiff,

    - against -

                FIT FOR LIFE, LLC
FFL.COM LLC,

                 Defendants.
------------------------------------------------------------X

**AFFIDAVIT FOR
JUDGMENT BY CONFESSION**

Index No.:

STATE OF NEW YORK    )
                    )  ss.:
COUNTY OF NEW YORK  )

                   being duly sworn, deposes and says:

1.    I am the ⟨CFO⟩ of the defendant,        and make this Affidavit on behalf of

2.       is a Colorado corporation with its principal place of business at

3.       hereby confesses judgment in favor of plaintiff Priority Fulfillment Services, Inc. ("PFS"), pursuant to CPLR 3218, in the amount of        less any payments made by    Fit for Life, LLC and/or FFL.com LLC adjusted in accordance with paragraphs 7 and 8 below.

4.       confession of judgment is based upon    obligation to make certain payments to PFS pursuant to the terms of a written settlement agreement between    and PFS (the "Settlement Agreement").

5.    More specifically, the parties' Settlement Agreement arises out of a certain Transaction Management Services Agreement, dated February 18, 2015 (the "TMSA"), under

which PFS agreed to perform various services as specified in the TMSA and the Statement of Work attached thereto and incorporated therein, including but not limited to fulfillment, customer and marketing services.

6.     A dispute arose as to ▇▇▇▇ payment-related obligations under the TMSA and PFS's performance thereof, resulting in litigation and the eventual settlement of the litigation and the parties' dispute.

7.     ▇▇▇▇ and PFS have entered or are about to enter into a written Settlement Agreement that obligates ▇▇▇▇ to make settlement payments to PFS pursuant to a fixed payment schedule. Specifically, ▇▇▇▇ must make the following payments to PFS:



8.     In the event ▇▇▇▇ (or any of its co-defendants, Fit for Life, LLC or FFL.com LLC) fails to timely pay, in full, any of the above payments, ▇▇▇▇ shall be liable to PFS for an

2

amount equal to two times the difference between (x) ▮▮▮▮ and (y) the sum of all payments timely made (or made during a seven-day notice and cure period set forth in the Settlement Agreement) up to the date of the default.

9.      ▮▮▮▮ is confessing judgment to PFS in order to protect PFS in the event that ▮▮▮▮ fails to make the settlement payments according to its Settlement Agreement with PFS, as set forth in the above-referenced payment scheduled.  In such event, ▮▮▮▮ has authorized PFS to file this Affidavit with the County Clerk, which amount PFS has agreed to reduce, and which ▮▮▮▮ hereby authorizes PFS's counsel to reduce, based on any payments made in accordance with the above-referenced payment schedule and proceed to collect the adjusted amount of the confessed judgment.

10.     Based upon and subject to the foregoing, I hereby authorize PFS and its successors, administrators, and assigns, through its counsel, to enter judgment, and I hereby consent to the entry of, a judgment against ▮▮▮▮ in the amount of ▮▮▮▮ less any payments made by ▮▮▮▮ Fit for Life, LLC and/or FFL.com LLC adjusted in accordance with paragraphs 7 and 8 above, plus post-judgment interest at the statutory rate.

Sworn to before me this
5ᵗʰ day of March , 2019

Notary Public

JACQUELINE E. KLEIN
Notary Public, State of New York
Reg. No. 02KL6366075
Qualified in New York County
Commission Expires 10/23/2021

3